## SHERRITT v. LEDERER.
### No. 6019.

Circuit Court of Appeals, Third Circuit.
May 18, 1936.

Eliot C. Lovett, of Washington, D. C., and Roscoe R. Koch, of Philadelphia, Pa., for appellant.

Wm. B. Waldo, of Washington, D. C., Sewall Key and J. Louis Monarch, Sp. Assts. to Atty. Gen., and Charles D. McAvoy, U. S. Atty., and Thomas J. Curtin, Asst. U. S. Atty., both of Philadelphia, Pa., for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

In the court below M. A. Sherritt brought suit against the collector of in-

 

ternal revenue to recover a refund for taxes improperly collected from him. Jury was waived and the case tried by a judge, who found a verdict for the defendant, whereupon taxpayer took this appeal.

The facts are as stated in the court's opinion:

"During the year 1918 the plaintiff was one of two principal stockholders of a corporation called 'Sherritt & Stoer Co.' In 1919 the company filed its income tax return for 1918, claiming personal service classification. At about the same time the plaintiff filed his personal return in which, consistently with the theory that the company was a personal service corporation, he included his share of the undistributed earnings for the year 1918.

"On January 31, 1924, the Commissioner of Internal Revenue denied personal service classification to the corporation, and notified the plaintiff that as a result thereof the amount which he had returned as undistributed earnings of the corporation had been eliminated from his personal return. On March 12, 1924, and within the statutory period of limitations, the plaintiff filed a claim for the refund to which this correction of his return entitled him, and which later became the basis for this suit. There was no legal reason why the plaintiff's claim should not have been immediately allowed and paid, but, as a matter of fact, the Commissioner took no action upon it until 1931 when it was rejected."

In point of fact, the corporation never paid the tax assessed against it and the question involved is whether, as stated by the government, "Congress intended, by enacting section 1210, Revenue Act 1926, 44 Stat. 130, to prescribe generally as a condition to recovery of the tax paid on corporate income by the stockholders, that the tax on its income must have been paid by the corporation; or intended that such condition should not apply to a stockholder whose claim for refund or credit, 'filed before the expiration of the period of limitations upon the filing of such claim', was on file at the enactment of that provision." Disposing of that question, the trial court, after discussing the case thoroughly, held:

"The conclusion of law is that section 1210 of the Revenue Act of 1926 precludes recovery by the plaintiff in this case, because the Sherritt & Stoer Company has never paid the tax imposed by title 2 of the Revenue Act of 1918 (40 Stat. 1058) and

assessed against it, which tax is the basis of this claim for refund."

After argument and consideration had, we agree with its conclusion and limit ourselves to an affirmance of its judgment.